U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB - 4 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICKY G. MORENO,                    §
                                    §
                Petitioner,         §
                                    §
v.                                  §        No. 4:13-CV-092-A
                                    §
WILLIAM STEPHENS, Director,         §
Texas Department of Criminal        §
Justice, Correctional              §
Institutions Division,              §
                                    §
                Respondent.         §

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, Ricky G. Moreno, a state
prisoner confined in the Correctional Institutions Division of
the Texas Department of Criminal Justice (TDCJ), against William
Stephens, Director of TDCJ, respondent.  After having considered
the pleadings, state court records, and relief sought by
petitioner, the court has concluded that the petition should be
denied.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a life sentence on his 1990 Tarrant
County conviction for murder in Case No. 0309662D for an offense

occurring on April 24, 1987. (SHR at 25[1]) In three grounds, petitioner asserts that the Texas Board of Pardons and Paroles (the Board) has denied him release on parole and mandatory supervision as mandated by the law in effect when he committed the offense, that the Board failed to explain why it denied him parole, and that he has not been credited for his work time in TDCJ, in violation of his constitutional rights. (Pet. at 6-7)

The record reflects that, although eligible for parole since September 13, 2007, the Texas Board of Pardons and Paroles (the Board) has denied petitioner release on parole twice, on October 23, 2008, and June 8, 2012, for the following reason–

2D. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; or the record indicates use of a weapon.

(Pet'r Reply, Exs. 3 & 4)

Petitioner raised his claims in a state habeas application, but the state courts determined that petitioner has no "absolute right to parole release" and that he is not eligible for

---

[1]"SHR" refers to the record of petitioner's state habeas application No. WR-33,643-16.

mandatory supervision release under the law in effect when he
committed the offense because his conviction contains an
affirmative deadly weapon finding. (SHR at 19-20, 23)

## II. RULE 5 STATEMENT

Respondent believes that petitioner has sufficiently
exhausted his state court remedies and that the petition is
neither time-barred nor successive. (Resp't Ans. at 3)

## III. DISCUSSION

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim
violation of a federal constitutional right to be entitled to
relief. 28 U.S.C. § 2254(a). A state prisoner does not have a
federal constitutional right to be conditionally released before
the expiration of a valid sentence, and the states are under no
duty to offer parole to their prisoners. *Board of Pardons v.
Allen,* 482 U.S. 369, 378 n.10 (1987); *Greenholtz v. Inmates of
Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Orellana
v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Although Texas
offers parole to Texas inmates, the relevant state statutes do
not create an expectation of release which would implicate due
process considerations. *Allison v. Kyle,* 66 F.3d 71, 74 (5th
Cir. 1995); *Orellana,* 65 F.3d at 32. The decision to parole or
not to parole is discretionary. *See Madison v. Parker*, 104 F.3d

3

765, 768 (5th Cir. 1997).  Thus, while a petitioner may be

eligible for parole, the failure of the Board to grant parole

does not merit federal habeas relief.  *Orellana*, 65 F.3d at 31-

32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.

1981).

Similarly, because a petitioner has no constitutionally

protected liberty interest in obtaining parole, any challenge to

the procedures the Board uses to deny parole, the guidelines

affecting suitability for parole, and/or the factors considered

by the Board to reach its decision necessarily fails.  *Portley v.*

*Grossman*, 444 U.S. 1311, 1312-13 (1980); *Teague v. Quarterman*,

482 F.3d 769, 773 (5th Cir. 2007); *Allison*, 66 F.3d at 73;

*Orellana*, 65 F.3d at 32.

On the other hand, former article 42.18, § 8(c) of the Texas

Code of Criminal Procedure in effect at the time petitioner

committed the offense provided, in relevant part:

> A prisoner who is not on parole, except a person under
> sentence of death, shall be released to mandatory
> supervision by order of the Board when the calendar
> time he has served plus any accrued good conduct time
> equal the maximum term to which he was sentenced.

Act effective Sept. 1, 1985, 69th Leg., R.S., ch. 427, § 2, 1985

Tex. Gen. Laws 2895, 2948 (current version at Tex. Gov't Code

4

Ann. § 508.147(a) (West 2012)).² The Fifth Circuit has

interpreted the statute to create, as a matter of constitutional

due process, an expectancy of early release to those inmates

whose calendar time combined with good time credits equal the

sentence imposed. *See Malchi v. Thaler,* 211 F.3d 953, 957-58

(5ᵗʰ Cir.2000) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557

(1974)). Thus, petitioner would be eligible for mandatory

supervision save for the fact that he was given a life sentence.

The Texas Court of Criminal Appeals, the state's highest

court, has determined that "a life-sentenced inmate is not

---

²It appears the state habeas court may have mistakenly cited
the controlling statute. Although 42.18, § 8(c) was amended in
1986 to read:

    (c)  Except as otherwise provided by this
subsection, a prisoner who is not on parole, except a
person under sentence of death, shall be released to
mandatory supervision by order of the board when the
calendar time he has served plus any accrued good
conduct time equal the maximum term to which he was
sentenced. If a prisoner is serving a sentence for an
offense listed in Subdivision (1) of Subsection (a) of
Section 3g of Article 42.12 of this code, or *if the
judgment for the offense contains an affirmative
finding* under Subdivision (2) of Subsection (a) of
Section 3g of that article, the prisoner may not be
released to mandatory supervision[,]

the amendment was not effective until September 1, 1987, after
petitioner committed the offense. *See* Act effective Sept. 1,
1987, 69ᵗʰ Leg., 3ʳᵈ C.S., ch. 9, § 1, 1986 Tex. Gen. Laws 18-20
(emphasis added).

eligible for release to mandatory supervision" under the former

statutory provision.  *Ex parte Franks*, 71 S.W.3d 327, 327-28

(Tex. Crim. App. 2001).  *See also Ex parte Ervin*, 187 S.W.3d 386,

387 (providing "[w]hen mandatory supervision release was first

enacted in 1977, any inmate, aside from one who was serving a

life sentence or had been sentenced to death, was eligible for

mandatory supervision").  The state court reasoned that the plain

language of the mandatory supervision statute indicates that "it

is mathematically impossible to determine a mandatory supervision

release date on a life sentence because the calendar time served

plus any accrued good conduct time will never add up to life."

*Ex parte Ervin*, 187 S.W.3d at 328.  *See also Barnes v. Cockrell*,

No. 3:01-CV-823-J, 2002 WL 1878548, at *2 (N.D.Tex. Aug.12, 2002)

(acknowledging that under state law, a prisoner serving life

sentence was not eligible for release to mandatory supervision),

*aff'd,* 2003 WL 21016411 (5th Cir. Apr. 10, 2003), *cert. denied,*

540 U.S. 1054 (2003); *Morris v. Cockrell,* No. 4:01-CV-245-Y, 2002

WL 66798, at *4 (N.D.Tex. Jan. 11, 2002) (recognizing that a life

sentence is not capable of calculation under Texas's mandatory

supervision statute).  This court must defer to the state court

on matters of state statutory interpretation.  *See Weeks v.*

*Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995); *Fierro v. Lynaugh,* 879

6

F.2d 1276, 1278 (5th Cir. 1989).

Finally, to the extent petitioner contends that credit for all the years he has worked for TDCJ has not been credited toward his sentence, his claim is not supported by the record. Under Texas law, good and work time credits apply only to *eligibility* for parole or mandatory supervision and do not actually reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate. *See Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994); TEX. GOV'T CODE ANN. § 498.003(a) (West 2012). Consequently, any good or work time petitioner has accrued does not discharge any part of his sentence.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as

7

petitioner has not made a substantial showing of the denial of a
constitutional right.

SIGNED February _____, 2014.


JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

8